UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| FREDDIE SUTTON ) | |
| ) | |
| ) | |
| v. ) | Case No. 5:14-cv-161-TBR |
| ) | JURY DEMANDED |
| ) | |
| HOUSING AUTHORITY OF ) | **ELECTRONICALLY FILED** |
| HICKMAN, KENTUCKY ) | |
| f/k/a THE MUNICIPAL PLANNING ) | |
| COMMISSION ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Freddie Sutton, by and through counsel, and sues the Defendant, Housing Authority of Hickman, Kentucky f/k/a The Municipal Planning Commission (hereafter "Defendant" and/or "Housing Authority"), and for his cause of action would show unto the Court as follows:

1. Plaintiff, Freddie Sutton (hereafter "Plaintiff" or "Mr. Sutton") is a resident of the State of Tennessee.

2. Defendant, Housing Authority of Hickman, Kentucky f/k/a the Municipal Planning Commission is a body corporate existing pursuant to KRS 80.010 *et seq*. (hereafter "Defendant" or "Housing Authority").  The Defendant was created by an ordinance adopted by the Hickman, Kentucky, City Council on September 2, 1958, pursuant to KRS 100.650.  KRS 100.650 is the precursor to KRS 80.020.  The principal office of the Housing Authority is located at 1209 Holly Street, Suite 50, Hickman, Kentucky.  The Housing Authority can be served by serving its Chairman, Tom Quimby.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 by virtue of the complete diversity of citizenship of the parties, and this Complaint seeks damages in excess of $75,000.00, exclusive of interest and costs.

## FACTS AND CLAIMS

4. At all relevant times herein, Plaintiff was employed as a roofer by Darrell Davis Roofing, Inc. In or about August, 2013, Mr. Sutton was replacing roofing at property owned and/or operated by the Housing Authority pursuant to an agreement between Darrell Davis Roofing and the Housing Authority.

5. On or about August 23, 2013, Plaintiff was replacing the roof of the property located at 811 Cedar Street in Hickman, Fulton County, Kentucky, (hereafter the "Property"), with the knowledge, permission, and at the request of, the Defendant.

6. The Property was owned, operated by, and in the control of the Housing Authority.

7. While he was standing on the roof at the Property performing roofing work, the portion of the roof on which he was standing collapsed. When the portion of the roof on which he was standing collapsed, Mr. Sutton fell, and heavy portions of the roof fell on him, causing severe and permanent bodily injuries.

8. As a direct and proximate result of the collapse of the roof, Mr. Sutton suffered painful and permanently disfiguring injuries and was caused to undergo medical care and treatment for his injuries, and will continue to incur said expenses into the future.

9. As a direct and proximate result of the incident described herein, Mr. Sutton has lost wages, and has suffered a permanent loss of earning capacity.

**CLAIMS**

10. The allegations of paragraphs 1-9 above are incorporated herein by reference.

11. At all times relevant hereto, Defendant had a duty to exercise ordinary care and maintain the Property in a safe and proper condition.

12. At all times relevant hereto, Defendant had a duty not to subject Mr. Sutton to a hazardous condition, including an unsupported roof structure.

13. At all times relevant hereto, Defendant had a duty to inspect the Property and determine that it was reasonably safe under the circumstances.

14. The Defendant knew or should have known that a portion of the roof structure was unsupported, and it was reasonably foreseeable that the unsupported portion of the roof would collapse when roofing work was being done thereon. The Defendant had a duty to warn Mr. Sutton of this dangerous condition.

15. The Defendant breached all of the foregoing duties and was negligent. The Defendant failed to exercise ordinary care and to maintain the Property in a safe and proper condition, failed to inspect the Property, and failed to warn Mr. Sutton of a dangerous condition thereon.

16. The Defendant's control of, and superior knowledge of, the Property, and the circumstances described herein, renders the Defendant liable pursuant to the doctrine of *res ipsa loquitur*.

17. Additionally, the Defendant violated statutes, regulations, and standards designed to protect members of the public, including Plaintiff, and was grossly negligent and negligent *per se*.

18. The injuries to Plaintiff were the direct and proximate result of the Defendant's negligence.

19. As a result of the aforesaid injuries, Plaintiff was damaged in the following respects:

    a). Plaintiff suffered severe injuries, including among other things, severe injuries to his lower extremities including, but not limited to, his feet and ankles;

    b). Plaintiff was required to seek and obtain necessary hospital and medical treatment, including but not limited to multiple surgeries, in an effort to be relieved of the effects of his injuries;

    c). Plaintiff has lost money from the loss of wages in the past and will continue to lose wages in the future;

    d). Plaintiff has suffered a loss of earning capacity;

    e). Plaintiff has experienced pain and suffering in the past and will experience pain and suffering in the future;

    f). Plaintiff has suffered extreme mental distress and suffering in the past and will experience extreme mental distress and suffering in the future;

    g). Plaintiff has suffered loss of the enjoyment of life in the past and will experience loss of enjoyment of life in the future; and

    h). Plaintiff has suffered disability and impairment as a result of his injuries, and said disability and impairment are permanent.

    i). Plaintiff has incurred medical and related expenses in the past, and will incur medical and related expenses in the future.

**WHEREFORE** Plaintiff, Freddie Sutton, prays as follows:

1. That upon a hearing of this cause, the Plaintiff, Freddie Sutton, be awarded judgment against the Defendant for all damages incurred by Plaintiff as a result of the conduct described herein.

2. For a trial by jury.

3. That the Plaintiff be awarded the costs of this action and his reasonable attorney's fees.

4. For all other relief to which Plaintiff may appear entitled under the circumstances.

        Respectfully submitted,

        **BLOOMFIELD & KATZ**

        /s/    Brian S. Katz
        BRIAN S. KATZ, ESQ.
        2226 Broadway, Suite 1
        P.O. Box 2903
        Paducah, KY  42002-2903
        (270) 575-3939

        L. JEFF BLOOMFIELD, ESQ.
        50 North Front Street, Suite 800
        Memphis, TN 38173-0290
        (901) 528-1702

        ATTORNEYS FOR PLAINTIFF